## COURT OF APPEALS.

Thomas Vernon *et al.*, respondents, agt. Albert Palmer, appellant.

*Code of Civil Procedure, section* 1318 — *Effect of an appeal taken before the judgment of reversal is entered.*

Although the Code provides that an appeal must be taken from the order denying a new trial, an appeal taken before the judgment of reversal is entered is ineffectual to review the judgment.

This action was brought against the defendant to recover from him a corporate debt, as a penalty under section 12 of the Laws of 1848. At the close of the plaintiff's case the defendant moved to dismiss the complainant's case, which motion was granted, and a judgment entered thereon. An appeal was thereupon taken by the plaintiff to the general term, and the order and judgment appealed from were reversed and a new trial ordered. Plaintiff thereupon entered

Vernon *et al.* agt. Palmer. ·

an order of the general term and served the same upon the defendant, who appealed to the court of appeals from the order in July, 1882. In February, 1884, before the case had been heard at the court of appeals, the defendant moved, at special term in the superior court, that the plaintiff be compelled to enter a final judgment, which motion the court granted, and thereupon the plaintiff entered final judgment and served the same upon the defendant.

The appellant then moved, in the court of appeals, for leave to withdraw the appeal, on the ground that the appeal was a nullity, no final judgment having been entered when the appeal was taken from the order of reversal.

*James B. Dill* (*Dill & Chandler*, attorneys), for the motion. The order of the general term was not a judgment and was not effectual to reverse a judgment entered on the decision of the court at trial term (*Knapp* agt. *Roche*, 82 *N. Y.*, 366). The Code provides by implication that a judgment of reversal must first be entered before an appeal can lie from an order granting a new trial (*Code, sec.* 1318).

*Franklin A. Paddock* (*Paddock & Cannon*, attorneys), opposing. Section 1318 of the Code has changed the former practice, namely, that an appeal must be taken from the judgment of the general term, and this appeal reviewed the order granting a new trial, and the only effect of this provision is to shorten the time in which an appeal must be taken (*Throop's note on section* 1318).

THE COURT granted the defendant's motion, holding: Although the Code provides that an appeal must be taken from the order of reversal, it did not dispense with the necessity of entering a judgment on the decision of the general term; that an appeal from the order of the general term reversing a judgment and granting a new trial is not effectual to review the judgment, unless a judgment of the general term has been entered and made a part of the case;

that the provision of the Code is that upon an appeal from an order granting a new trial, the judgment of reversal *must* be reviewed, and thus by implication provides that the judgment shall first be entered before an appeal can effectually be taken from an order of reversal.