ISAAC R. PHARIS, Appellant, *v.* R. NELSON GERE, Respondent.

To give this court jurisdiction to review a decision of the General Term, reversing a judgment and granting a new trial in an action tried by a jury, the General Term order must show the facts conferring the jurisdiction. It is sufficient to render a consideration of the appeal impossible that the General Term may have reversed upon a question of fact.

The record on appeal from such an order contained a recital, immediately following the statement of rendition of the verdict, that "the court thereupon denied the motion of the defendant for a new trial upon the minutes." Following this was a formal order stating the making of a motion for a new trial on the minutes, and that "said motion be and the same is hereby denied." Then followed an order of the General Term, which recited an appeal from the order denying the motion for a new trial, and from judgment, and reversed both the order and the judgment and granted a new trial. The case also disclosed that there were disputed questions of fact. On appeal from the General Term order, *held*, that said court had jurisdiction of the questions of fact, and it was to be assumed that its order was based upon some one of the grounds mentioned in the provision of the Code of Civil Procedure (§ 999), in reference to motions for new trial on the minutes, and as it could not be said that the reversal was not upon a question of fact the order was not reviewable here.

*It seems*, an order denying a motion for a new trial made on the minutes should state the grounds on which the motion was made. If it does not the General Term may affirm or refuse to hear an appeal therefrom until the order is corrected by stating the question passed upon by the trial court.

The General Term, however, may entertain such an appeal; and where it does, and the questions are argued and submitted to it, and it reverses the order and grants a new trial, it must be assumed its decision was based on some one of the grounds embraced in said provision; and where the case presents disputed questions of fact, it may not be said that the reversal was not on such a question.

(Argued October 12, 1887; decided October 18, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made May 15, 1885, which reversed a judgment in favor of plaintiff herein, and reversed an order denying a motion for a new trial, and ordered a new trial.

The facts appear sufficiently in the opinion.

*Louis Marshall* for appellant. This appeal brings up for review these judgments only, and not the order denying the motion for a new trial, as no jurisdiction was conferred upon the General Term to review that order. (*People* v. *Fowler,* 55 N. Y. 675; *Batterman* v. *Finn,* 40 id. 340; *In re Larson,* 96 id. 381; *Fiester* v. *Sheppard,* 92 id. 251; *Wright* v. *Hunter,* 46 id. 309; *Thurber* v. *Harlem Bdg. Co.,* 60 id. 326; *Boos* v. *W. Mut. L. Ins. Co.,* 64 id. 236; *Third Ave. R. R. Co.* v. *Ebling,* 100 id. 98; *Whitehead* v. *Kennedy,* 69 id. 462; *Tinson* v. *Welch,* 51 id. 244; 87 id. 110; *Newhall* v. *Appleton,* 46 N. Y. Supr. Ct. 6; *Argall* v. *Jacobs,* 56 How. Pr. 167; 21 Hun, 114; *De Luce* v. *Kelly,* 5 N. Y. W. Dig. 32; 75 N. Y. 608; *Cook* v. *Leonard,* 17 N. Y. W. Dig. 575; *Gray* v. *Floating El. Co.,* 13 id. 140; *Hinman* v. *Stillwell,* 34 Hun, 178; *Coakly* v. *Mahar,* 36 id. 157; *Alfaro* v. *Davidson,* 7 J. & S. 463, 466; 8 id. 39; *McAleer* v. *Corning,* 17 id. 522; *Dodge* v. *Mann,* 85 N. Y. 643.) This court has jurisdiction to review the questions of law because the General Term had not the power to review the questions of fact. (*Sands* v. *Crook,* 46 N. Y. 564; *Wright* v. *Hunter,* id. 412; *Dickson* v. *B. & Seventh Ave. R. R. Co.,* 47 id. 507; *Courtney* v. *Baker,* 60 id. 1; *Harris* v. *Burdett,* 73 id. 136; *Snebly* v. *Conner,* 78 id. 218; *Bronk* v. *N. Y. & N. H. R. R. Co.,* 95 id. 656; *De Luce* v. *Kelly,* 75 id. 608; *Dodge* v. *Mann,* 85 id. 643; *Tinson* v. *Welch,* 51 id. 244; *Hinman* v. *Stillwell,* 34 Hun, 178.)

*George F. Comstock* for respondent.

Earl J. There were several questions of fact litigated upon the trial of this action and submitted to the jury, and they rendered a verdict in favor of the plaintiff. The defendant made a motion for a new trial upon the minutes of the trial judge, which was denied. Subsequently a judgment was entered upon the verdict, and then the defendant appealed from the order denying the motion for a new trial and from the judgment to the General Term, where both the order and judgment were reversed and a new trial was granted. The plaintiff then appealed to this court giving the usual stipulation.

It is conceded by the learned counsel for the appellant that this court has no jurisdiction to hear this appeal provided the General Term may have granted a new trial upon a question of fact, and so we have frequently held. ( *Wright* v. *Hunter*, 46 N. Y. 409, 412; *Harris* v. *Burdett*, 73 id. 136, and other cases.) But he claims that this case was not so before the General Term, that it could reverse the order and judgment upon a question of fact, and in this we are constrained to differ with him.

Section 999 of the Code of Civil Procedure provides that the judge presiding at the trial by a jury, may, in his discretion, entertain a motion made upon his minutes at the same term to set aside the verdict and grant a new trial upon exceptions, or because the verdict is for excessive or insufficient damages or otherwise contrary to the evidence or contrary to law. It is not required that written notice of the motion for a new trial upon the judge's minutes should be given. It may be brought on immediately after the rendition of the verdict without any previous notice. But it can be based only upon one of the grounds mentioned in the section, and must be heard upon the minutes only. In the argument of the motion the ground upon which it is based will necessarily be disclosed and the order entered upon the motion should, with propriety, always state the ground or grounds upon which the motion was made. If it do not, and the order be one denying a motion for a new trial and an appeal be taken therefrom to the General Term, it would usually be impossible for the appellate court to know upon what ground the motion for a new trial was based and what questions were before the trial judge for consideration. For aught that appears in such a case the motion may have been upon an untenable ground, and hence the General Term could with propriety refuse to hear such an appeal, certainly, unless all the grounds for a new trial mentioned in section 999 existed, which would be very unusual. It could affirm such an order appealed from, or refuse to hear the appeal until the order should be corrected by stating the question passed upon by the trial judge. But

we do not perceive why the General Term may not enter-
tain such an appeal, and when it does and the questions are
argued and submitted to it for determination, and it reverses
the order and grants a new trial, then a different state of
things exists. In such case it must be assumed that its order
was based upon some one of the grounds mentioned in the
section referred to, and where the case presented disputed
questions of fact, it cannot be said that the reversal was not
upon a question of fact. Hence upon an appeal from such an
order to this court, as the reversal may have been upon a
question of fact, there is nothing for us to review.

Now what appears in this record? First, there is a recital
immediately after the rendition of the verdict that " the court
thereafter denied the motion of the defendant for a new trial
upon the minutes," and then a formal order denying the
motion appears to have been entered in these words, " a motion
being made at this term of court by and on behalf of the
defendant in this action for a new trial thereof, upon the
minutes, now, after hearing George N. Kennedy, Esq., of
counsel for defendant in behalf of said motion, and W. P.
Goodelle, Esq., and Louis Marshall, Esq., in opposition thereto,
and after due deliberation had thereon, it is ordered that said
motion be and the same is hereby in all things denied."
It thus appears that the motion was made to the court and
formally argued, and after due deliberation had thereon was
denied. It must be assumed that it was argued upon the
merits, and, as the motion for a new trial was made upon the
minutes, that it was based upon some one of the grounds
mentioned in section 999. From that order the defendant
appealed to the General Term. Subsequently judgment was
entered, and then defendant also appealed from the judgment
to the General Term. Then there is the order of the General
Term which recites the appeal from the order denying the
motion for a new trial and from the judgment, and that they
have been duly brought on for argument, and reverses both
the order and the judgment and grants a new trial. The
General Term did take jurisdiction of the appeal from the

order of the trial judge. It did not refuse to hear the appeal for the reason that the order did not state upon what ground the motion for a new trial was based. It heard the parties, and, as we must assume, considered the case and decided the appeal upon its merits. It must have reversed the order upon some of the grounds mentioned in section 999, but upon which ground it is impossible from this record to determine. It is sufficient to render it impossible for us to consider the appeal that the General Term may have reversed the order and granted a new trial upon a question of fact.

If the case was so disposed of at the General Term as to give this court jurisdiction to review its determination, its order should show the facts which confer the jurisdiction, and it may be possible for the appellant yet to procure the order to be so amended. Our order, therefore, is that this appeal be dismissed with costs, that the new trial ordered by the General Term be had, unless the appellant shall at the first General Term held in the fourth department, procure the order of reversal to to be so amended as to give this court jurisdiction to hear the appeal, in which event the case is to retain its place on the present calendar and be argued at a time to be agreed upon by counsel.

All concur except Ruger, Ch. J., not sitting.

Ordered accordingly.