ISAAC R. PHARIS, Appellant, *v.* R. NELSON GERE, Respondent.

While under the Code of Civil Procedure (§§ 190, 1318) an appeal cannot be taken to this court from a General Term judgment of reversal in an action tried by a jury, where the appeal to the General Term was simply from the judgment entered on the verdict, and its judgment of reversal is accompanied by an order awarding a new trial, an appeal may be taken from the order, and on that appeal "the judgment of reversal must also be reviewed" (§ 1318.)

(Submitted December 11, 1888; decided March 5, 1889.)

MOTION for a reargument. (The case is reported in 110 N. Y. 336.)

*Geo. F. Comstock* for motion. Section 190 of the Code of Civil Procedure does not give to this court the power to entertain appeals except from final judgments of the General Term, and the decision appealed from is interlocutory and not final. (86 N. Y. 162.) If the case were within the definition of appealable cases under section 190, the jurisdiction, nevertheless, fails on the ground that this court has no function or

power to review questions of fact. (*Pharis* v. *Gere*, 107 N. Y. 231.) If the result of the dismissal in the General Term of the appeal from the order was to eliminate from the judgment as appealed from all questions of fact, the defendant has not had his legal, statutory and constitutional right to a review of the verdict; and the final decision of this court affirming the judgment of the lower court for damages and costs entered on the verdict, renders it impossible for the defendant ever to have such review. (*Harris* v. *Burdett*, 73 N. Y. 136.) There are no mere intendments in favor of a verdict which has been vacated in the course of procedure in a court which had lawful power to vacate it. (*Harris* v. *Burdett*, 73 N. Y. 136; *Hoyt* v. *Thompson*, 19 id.)

*Louis Marshall* opposed. No ground for granting a reargument has been shown. (*Mount* v. *Mitchell*, 32 N. Y. 704; *Marine Nat. Bk.* v. *Nat. City Bk.*, 59 id. 67.) The only appeal now before this court is from the order reversing plaintiff's judgment and granting a new trial. (109 N. Y. 143, 180, 316, 421, 660; 110 id. 83, 170, 183, 317, 336, 380, 435, 537, 569, 585, 620, 648, 654.) The order is appealable (*Sands* v. *Crook*, 46 N. Y. 564; *Wright* v. *Hunter*, Id. 412; *Courtney* v. *Baker*, 60 id. 1; *Harris* v. *Burdett*, 73 id. 136.)

FINCH, J. This is a motion for a reargument, and is supported by briefs which cover two hundred and eighty-nine printed pages, or more than forty times the length of the opinion which they criticise. The unusual and discouraging volume of the argument has not, however, prevented its perusal, since the question which it discusses is of more than ordinary importance.

The principal point urged makes its appearance on this motion for the first time. Our jurisdiction to entertain the appeal from the decision of the General Term is denied; and apparently upon the ground that where, after a verdict, there is no motion for a new trial, but simply an appeal from the

judgment, and the General Term reverses and awards a new trial, there can be no appeal from or review of that *decision*, because it is an interlocutory and not a final judgment, and because the original final judgment has been destroyed by the reversal. Lest we should be suspected of having overstated or misapprehended the position of the learned counsel, it will be prudent to copy his own words. On the first page of his " prefatory note " are these three sentences: " Section 190 of the Code of Civil Procedure does *not* permit this court to entertain jurisdiction of an appeal from a judgment of the Supreme Court, in an action after review in the General Term of that court, unless it be a *final judgment.* When this appeal was brought the final judgment of the Supreme Court for the recovery of a sum of money as damages in an action of trespass on lands had been *reversed* by the General Term and a new trial ordered. In the history of this court and its predecessor, for half a century, there is no example of entertaining such a jurisdiction." After reciting the amendment of the record which dismissed the learned counsel's appeal from an order denying his motion for a new trial on the minutes, he says, on page 4 of his " prefatory note," " there is nothing left in this court but an appeal from the *decision* reversing the judgment and granting a new trial which *is not appealable and never has been.*" Again, at page 30 of the brief, after a wide excursion through the cases and the Code, he declares: " The proper application of section 190 is as follows: It excludes the jurisdiction of this court in this case, *because* the adjudication of the General Term ordered a new trial." At page 5 of his brief he says: " The case stood and now stands in the Supreme Court for a new trial of the issues, *according to its original situation*, by *force* of the judgment of *reversal* as originally pronounced by the General Term. But *that* was an *interlocutory* and not a final judgment, and no appeal lies to this court from the General Term from a judgment, except a final judgment." It is impossible to understand these positive assertions as meaning anything else than that in cases tried before a jury and reversed by the General

Term with an award of a new trial there never *can* be a fur-
ther appeal to this court; and that for one or both of two
reasons, one, that the final judgment at the circuit disappears
on the reversal; and the other, that the General Term *decision*
is an interlocutory, and not a final judgment.  The proposition
is somewhat alarming in view of our repeated exercise of the
jurisdiction denied.  Among a large number of cases, I cite
only a few of the more recent.  (*Case* v. *Dexter*, 106 N. Y.
548; *Mack* v. *Rochester German Ins. Co.*, Id. 560; *Kiley* v.
*Western Union Tel. Co.*, 109 id. 231; *Tarbell* v. *Royal
Exch. S. Co.*, 110 id. 170; *Roberts* v. *Baumgarten*, id. 380.)
These were all cases in which judgment was rendered after
verdict, an appeal from the judgment taken to the General
Term, a reversal there and order for a new trial, and an
appeal from that decision to this court which we entertained.

It is apparent that the distinguished counsel misapprehends
section 190 and builds his theory on that error.  The section
provides that the Court of Appeals has jurisdiction to review
upon appeal " every actual determination made at a General
Term of the Supreme Court " in the cases which follow.  It
is " any actual determination," by whatever name it is called.
In the case under review it is really an order, or an order and
a judgment, and if the latter be deemed interlocutory it is
none the less an actual determination of the General Term,
which may be reviewed by us if the Code otherwise permits.
We are, therefore, to consider the permitted cases.  The first
is " where a final judgment has been rendered in an action
commenced in either of those courts or brought there from
another court."  An argument of more than a hundred pages
shows that the judgment of reversal in the case at bar does
not come within that description, a point which a later section
of the Code settles in a single line.  We have only then to
pass on to the second subdivision which, in express terms,
gives an appeal from an order granting or refusing a new
trial, and read that in connection with section 1318, which
provides that where a judgment has been reversed and a new
trial ordered there can be no appeal from the judgment of

reversal, but on an appeal from the order the judgment of reversal "must also be reviewed." So that, while an appeal cannot be taken from the mere judgment of reversal where it is accompanied by an award of a new trial, there *can* be one from that order, and on *that* appeal the judgment of reversal must be reviewed. To reverse the order only would be not only useless but ruinous to the appellant if he could not touch the judgment of reversal. In this case there was such an appeal from the order of the General Term granting a new trial; the stipulation required in such case by section 191 of the Code was duly executed, and *that* appeal enabled us to review the order for a new trial, and at the same time the judgment of reversal, of which it was the necessary and logical consequence. The appeal from the order, explicitly permitted by the Code, gives us jurisdiction. That having been obtained, we are required to extend our review to the judgment of reversal. To say that the latter cannot be appealed from is one thing, to say that it cannot be reviewed is quite another.

Through all the argument of the learned counsel there was no allusion to section 1318 of the Code until the answer of his adversary thrust it somewhat sharply upon his notice and evoked a "reply," in which the real basis of our jurisdiction is distinctly assailed. Section 1318 is met by referring its operation to the original appeal *to* the General Term, and saying nothing as to its effect upon the appeal *from* the General Term. It is that appeal only with which we are now concerned; and the position of the learned counsel seems to be, and inevitably must be, if his argument is to have either force or pertinency, that the *decision* of the General Term, taken as a whole, was an interlocutory judgment, of which the award of a new trial was an inherent part, and which did not rest upon a separate and distinct order, and the judgment, being not appealable, there was nothing for us to review. The trouble is that the *decision* of the General Term, under the distinctions of the Code, is not a single but a compound thing; consists both of a judgment and an order — a judgment of

reversal and an order for a new trial. The order may be appealed from, the judgment cannot be. To swamp the order in the judgment *would* effect the counsel's purpose, but would nullify the distinct provisions and definite object of the existing terms of the Code.

But the learned counsel relies also upon a second proposition. That is founded upon the provision of section 1337, which forbids, in general, any determination by us of a disputed question of fact arising on conflicting evidence, and our attention is called to our own ruling in this same case (107 N. Y. 231), and especially to *Harris* v. *Burdett* (73 id. 136), which he copies in full, saying, with a touch of mild sarcasm, " prolixity cannot, in legal judgment, be predicated of an opinion of this court." That case states the law correctly and as we have steadily enforced it. One sentence in it, however, the learned counsel seems not to have observed, and it touches the vital point in this controversy. That sentence is, " an order granting a new trial is not shown to be erroneous by showing that there was no valid exception in the case, *provided* it was in *such a condition* that the General Term *could* have reversed upon the *facts*." The learned counsel seems to think and to silently assume that, in jury cases, the facts are *always* open to the review of the General Term. That is not at all a correct proposition. By section 1346, which defines the appellate jurisdiction of the General Term, an appeal from a final judgment rendered upon the verdict of a jury can only be taken upon questions of law. In such a case the facts never get before the General Term, unless a motion for a new trial has been made and denied and, under section 1347, an appeal has been taken from that order to the General Term. The learned counsel followed that practice. He moved for a new trial on the minutes; that motion was denied, and then he appealed both from the judgment and order. The General Term refused to consider the facts because the grounds of the motion were not stated, but did hear the appeal from the judgment on the questions of law and reversed the judgment and ordered a new trial. The plaintiff appealed to this court. When the

record came here it showed an appeal from the order as well as the judgment of the trial court, and we could not say that the reversal might not have been upon the facts, and so we dismissed the appeal, unless by an amendment the difficulty should be removed. The General Term made that amendment. It changed its order so as to show a dismissal of the appeal from the order refusing a new trial. The learned counsel is severe upon the tribunal which made the amendment and treats it with scant courtesy; but the order was proper and just upon the facts which existed. And so when the case came back nothing was left but a reversal and order for a new trial founded upon errors of law, for in the condition of the appeal that reversal could not have been upon the facts.

On the argument here the learned counsel relied mainly upon three propositions as showing error which justified a reversal. He argued them then, he argues them over again now, but substantially they come back to us unchanged. The correction he makes as to the want of evidence in the record that the two blocks were in one enclosure, seems to be right, but abundant evidence remained of the detention of block 23, by and through the violence which occurred, to carry that question to the jury. No ground is shown on this branch of the motion which brings the case within our rules for granting a reargument.

The motion should be denied, with costs.

All concur.

Motion denied.