### Sullivan *v.* Newman *et al.*

(*Supreme Court, General Term, Fifth Department.* January, 1892.)

1. APPEAL—REVIEW—ORDER GRANTING NEW TRIAL.
    Where an order granted by a trial judge, setting aside a verdict and ordering a new trial, fails to state the grounds on which it is granted, the general term is at liberty to hear and decide an appeal from such order, notwithstanding the omission.
2. FALSE IMPRISONMENT—EVIDENCE—PROVINCE OF JURY.
    In an action for false imprisonment, it is error to dismiss the complaint, as to a defendant, where there is evidence that such defendant was instrumental in causing the issuance of the body execution on which plaintiff was arrested.
3. WITNESS—CROSS-EXAMINATION—INDICTMENT.
    While, on cross-examination, a witness may be required to testify that he has been convicted of a crime, it is not competent to compel him to testify that he has been indicted, simply.
    MACOMBER, J., dissenting.

Appeal from circuit court, Livingston county.

Action for false imprisonment by Daniel Sullivan against Winfield S. Newman, impleaded with Orrin Sackett. Verdict for plaintiff against defendant Newman, and an order granted dismissing plaintiff's complaint as to defendant Sackett. Defendant Newman appeals from an order setting aside such verdict and order, and granting a new trial as to both defendants. Affirmed.

Argued before Dwight, P. J., and Macomber and Lewis, JJ.

*Hakes, Page & Acker*, for appellant. *John B. Abbott*, for respondent.

Lewis, J. The defendant Newman is an attorney at law, and, by the advice and direction of the defendant Sackett, issued a body execution against the plaintiff to the sheriff of the county of Livingston. The plaintiff was a resident at the time of the city of Rochester, county of Monroe; and, being temporarily in the county of Livingston upon business, he was arrested by virtue of the execution, and committed to the county jail of the county of

Livingston, where he was detained within the jail limits from the 5th day of February, 1889, until the 19th day of March following, on which day the execution upon which he was imprisoned was set aside, by the order of the court, on the ground that it was irregular and void, and the plaintiff was thereupon released and discharged from imprisonment. He brought this action against the defendants for false imprisonment, alleging in his complaint that the defendants falsely and wrongfully, and without authority of law, caused his arrest and imprisonment.

It was conceded upon the trial that the execution upon which the plaintiff was arrested was void, and that his arrest and imprisonment were illegal. There was a conflict in the evidence as to whether the defendant Sackett directed Newman to issue the execution. A question of fact was thus presented, which should have been submitted to the jury. At the close of the evidence the court, upon the motion of the attorney for Sackett, dismissed the complaint as to Mr. Sackett. The plaintiff's counsel duly excepted. The case was thereupon submitted to the jury as to the defendant Newman; and the jury rendered a verdict for the plaintiff, against Newman, for the sum of $43. At the same term of court, upon plaintiff's motion, an order was granted, setting aside the verdict and the order dismissing the complaint as to the defendant Sackett. A new trial was ordered, and the defendant Newman appealed to this court from the order granting a new trial. The defendant Sackett does not appeal.

The order fails to state the grounds upon which it was granted. We are at liberty, however, to dispose of the appeal, notwithstanding the omission. *Pharis* v. *Gere*, 107 N. Y. 231, 13 N. E. Rep. 913.

It is quite apparent, from the examination of the case, that there were sufficient grounds to justify the making of the order. While the case fails to inform us as to the precise reason why the execution was void, it is obvious, from reading the evidence, that the trouble was not because of any irregularity in its form. The judgment upon which it was based, evidently, did not belong to the class of cases in which a body execution is authorized to be issued. There was abundant evidence to make a *prima facie* case that Sackett instructed and directed Newman to issue the execution. The village of Avon was the owner of the judgment for the collection of which the execution was issued. The defendant Sackett was clerk of the village, and was officially interested in having the judgment collected. The court, in submitting the case to the jury, instructed them that the plaintiff had made a case against Newman, because of the fact that he issued the execution upon which the plaintiff was arrested, and that the only question for the jury to consider was the question of damages. As there was evidence that Sackett was instrumental in causing the execution to be issued, it was error to take the case away from the jury as to him. The plaintiff was arrested and detained away from his home and family for six weeks. His business was interrupted; he suffered the disgrace and mortification of being deprived of his liberty; he was put to the expense and trouble of securing his discharge; and under the circumstances a verdict for $43 was, certainly, not a very munificent amount.

When the trial justice came to review the proceedings of the trial, he came to the conclusion that errors had been committed which entitled the plaintiff to a new trial. Improper evidence was admitted which probably tended to lessen the amount of the plaintiff's recovery. The plaintiff was a witness for himself, and gave important and material evidence tending to make out his cause of action. Upon his cross-examination, he was compelled by the court, notwithstanding the objection and exception of his counsel, to testify that he had been indicted one or more times for violating the excise law. This, concededly, was improper evidence. While, upon cross-examination, a witness may be required to testify that he has been convicted of crime, it is not competent to compel him to testify that he has been indicted, simply. There is

a prejudice in the minds of many jurors against the business of selling liquor, and this evidence may have affected the amount of the plaintiff's recovery.

The defendant called as a witness one Charles Miller, and the following proceedings were had: "Defendant's counsel proposed to show by this witness that there are four indictments against Sullivan, and the minutes of the court show he has been convicted three times, and there are two of them that nothing has been done with. The plaintiff's counsel objected, upon the ground that the fact that the man had been convicted of violating the excise law does not affect his testimony under oath. Objection overruled, and plaintiff duly excepted. Witness proceeds: 'I have four indictments against Daniel Sullivan. I do not know what disposition was made of them. I never saw them before until to-day. I have not looked them through to see what the disposition of them is. I cannot tell without going into each of them separately to show. The first indictment was filed on the 26th day of April, 1871. Under the minutes of the court of sessions for the 9th day of June, 1874, there appears an entry of violation of the excise law: "*People against Daniel Sullivan.*" He pleaded guilty to the indictment, and was sentenced to pay a fine of thirty dollars. Under the minutes of the court of sessions for the 14th of December, 1874, I find the entry, "*The People* versus *Daniel Sullivan.*" He was indicted for violation of the excise law. He was tried, found guilty, and sentenced to pay a fine of twenty-five dollars. Under the minutes of the court of sessions for the 2d day of June, 1879, I find a case of *The People* against *Daniel Sullivan* for violation of the excise law. Upon appeal to the general term, said defendant was sentenced to pay a fine of twenty-five dollars. Cannot tell whether this was the same case on appeal that I read before or not. There is record here, but not in this book. I do not know of any other record against Daniel Sullivan.' Plaintiff's counsel moved to strike out all of the evidence of this witness upon the grounds—*First,* that it is immaterial; *second,* that it is incompetent; and, *third,* that it is too remote. The motion was denied, and plaintiff duly excepted." The case fails to state how Mr. Miller came to have possession of the indictments. He is spoken of in the appellant's brief as the county clerk. The case fails to show that he was county clerk; but, assuming that he was, he was permitted to testify that he had possession of four indictments against the plaintiff. On some of them the plaintiff had been tried and convicted, and no disposition had been made of the others, so far as the witness knew. The plaintiff had been compelled to testify concerning the indictments against him. He testified that he had been indicted one or more times. The defendants were not at liberty to contradict this part of the plaintiff's testimony; but they were allowed to show that he had been indicted more times than he had testified to, and thereby impeach him. This incompetent testimony tended to degrade and impeach the plaintiff. While the objections taken by the plaintiff to Miller's evidence were quite informal, the objection to the question propounded to him as to the number of times he had been indicted was well taken. It was not required that the grounds should be stated, as the evidence was not, in any view, material. The admission of this improper evidence, and the erroneous dismissal of the complaint as to the defendant Sackett, justified the court in setting the verdict aside, and granting a new trial as to both defendants. The trial justice very properly came to the conclusion that the plaintiff's case had not been fairly and properly presented to the jury, that he had erroneously dismissed the complaint as to the defendant Sackett, and that justice demanded that the plaintiff should be permitted to again try his case; and I think his conclusions were correct, and that the orders appealed from should be affirmed, with $10 costs and the disbursements of the appeal. So ordered.

DWIGHT, P. J., concurs. MACOMBER, J., dissents.