White, J.
—William L. Markham was carrying on the ice business in Buffalo during the year 1891, and until September 10, 1892. The defendant was one of his customers, and was supplied by him with ice to that date. By the verdict of the jury, it is established as a fact that Markham was to receive, and the defendant was to pay him, ten cents per hundred. On August 31, 1892, Markham gave to the plaintiff an option to purchase his ice business. The plaintiff availed itself of the option thus given to it on September 10, 1892, on which date the business was transferred to it by Markham, by a bill of sale which included an assignment of his claim against the defendant for ice theretofore delivered during the ten days in September. After September 10th, the plaintiff supplied the defendant with ice. The value of the ice supplied by Markham during the ten days in September was $20.75.
As the order denying the defendant’s motion for a new trial does not recite the grounds upon which the motion was made, the appeal from the order raises no question of fact for-review. Pharis v. Gere, 107 N. Y. 231; 11 St. Rep. 393 ; Moorehead v. Holden, 7 Civ. Pro. Rep. 188; Maas v. Ellis, 12 id. 323. The only question presented for our consideration, therefore, arises upon the defendant’s exception to the refusal of the court to charge the jury, and to rule, that the ice business was transferred by Markham on September 10th, and that the ice supplied to the defendant to September 10th was so supplied on his own account, and that for such ice the plaintiff was not entitled to recover. There can be no dispute but that the facts were as the defendant requested the court to charge them to be. The plaintiff contends that, notwithstanding the fact that the plaintiff must recover the $20.75, if at all, by virtue of the assignment from Markham, the assignment is unimportant, for the reason that “ it is only one link in the chain of his title.” As to that part of the claim, the plaintiff was entitled to recover only as the assignee of Markham, and no assignment is alleged or proven, nor was any request made to amend the complaint in. this respect on the trial, although it was made apparent that it was necessary. In such a case the recovery must be supported by the complaint
*732 The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulates to reduce the verdict, and the judgment entered upon it, by $20.75. If he so stipulate, the judgment should be affirmed, without costs to either party on this appeal, but with costs in the action to be adjusted.