EDWIN W. WINGERT, Appellant, *v.* DAVID KRAKAUER et al., Carrying on Business under the Firm Name of KRAKAUER BROS., Respondents.

APPEAL — JUDGMENT OF REVERSAL AND ORDER GRANTING NEW TRIAL — WHEN TIME TO APPEAL FROM LATTER DOES NOT BEGIN TO RUN UNTIL FORMER HAS BEEN ENTERED — CODE CIV. PRO. §§ 1318, 1325.   Where a judgment of a trial court is reversed and a new trial granted, an appeal cannot be taken from the judgment of reversal, but it must be reviewed upon an appeal from the order granting the new trial (Code Civ. Pro. § 1318), and if the judgment is not entered until after the order, the time within which an appeal must be taken from the order does not commence to run until the entry of the judgment.

(Argued January 9, 1905; decided January 17, 1905.)

MOTION to compel acceptance of a notice of appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 24, 1904, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

*Lyttleton Fox* for motion.

*Charles C. Nadal* opposed.

HAIGHT, J.   Upon the trial of this action the plaintiff recovered a judgment against the defendants for the sum of $10,633.57.   Upon appeal to the Appellate Division of the first department the judgment was reversed and a new trial ordered.   That order was entered in the office of the clerk of the county of New York on the 24th day of March, 1904, and a notice of the entry thereof was, upon that day, served

upon the plaintiff. Thereafter and on the 31st day of October, 1904, a judgment of reversal was filed in the office of the clerk of the county and notice of the entry thereof served upon the plaintiff. On the 7th day of November thereafter the plaintiff served upon the attorneys for the defendants a notice of appeal to the Court of Appeals from the order granting a new trial, containing a stipulation for judgment absolute should the decision of the Appellate Division be affirmed, together with a copy of an undertaking on appeal. These papers were forthwith returned to the plaintiff's attorneys by the attorneys for the defendants, with an indorsement thereon to the effect that they were not served in time.

We think the questions raised should now be determined upon the merits. The practice adopted by the plaintiff conforms to that in force in the Special Terms with reference to the service of pleadings and notices which have been returned, and manifestly it would be unjust to the parties, involving them in additional labor and expense, to reserve the determination of the question until the argument of the appeal.

The question presented calls for a construction of section 1318 of the Code of Civil Procedure. It provides as follows: "Where a judgment, from which an appeal is taken, is reversed upon the appeal, and a new trial is granted, an appeal cannot be taken from the judgment of reversal; but upon an appeal from the order granting a new trial, taken, as prescribed by law, the judgment of reversal must also be reviewed." Under these provisions an appeal to the Court of Appeals must be from the order granting a new trial, but the judgment of reversal must be reviewed. A judgment of reversal cannot be reviewed until it has been entered, and, consequently, the appeal cannot be taken until after such entry. (*Vernon* v. *Palmer*, 67 How. Pr. 18.) Under section 1325 an appeal to the Court of Appeals from an order must be taken within sixty days after the service upon the appellant of a copy of the order and a notice of its entry. The appellant, therefore, is apparently left in an awkward position. More than sixty days had elapsed after the entry

of the order before the entry of the judgment.   If he com-
plied with the provisions of section 1325 he had to take
his appeal from the order within sixty days after its entry,
while under the provisions of section 1318 his appeal would
be ineffectual, if taken before the judgment had been entered.
Throop, one of the commissioners to revise the statutes, in his
note to section 1318 of the Code, says that it is new; that an
appeal to the Court of Appeals from an order granting a new
trial necessarily involves an appeal from a judgment of reversal
and that this leaves a door open to some confusion, especially
in respect to the time within which the appeal must be taken.
He then concludes that " as the judgment of reversal in such
a case is a mere formality the unsuccessful party should be
restricted to an appeal from the order granting a new trial."
It has, as we think, been generally assumed by the profession
that a judgment of reversal was required.   Such, apparently,
has been the view taken by this court in the cases of *Vernon*
v. *Palmer* (67 How. Pr. 18) and *Pharis* v. *Gere* (112 N. Y.
408).   Under the provisions of the old Code of Procedure
the right to appeal to the Court of Appeals from an order
granting a new trial was given by sections 11 and 349, and on
such appeal it became the duty of the court to review the
judgment of reversal.   It is apparent from the note of the
revisers, to which attention has been called, that it was their
intention to perpetuate the practice prescribed by the Code of
Procedure in this regard, and this practice has now been incor-
porated into the Constitution of 1894 (Art. 6, § 9), in which
it is provided that appeals may be taken, as of right, to the
Court of Appeals " from orders granting new trials on excep-
tions, where the appellants stipulate that upon affirmance
judgment absolute shall be rendered against them."   Mani-
festly, in reviewing the order granting a new trial it involves
a consideration of the judgment of reversal, which becomes
the basis of the order granting a new trial.   Referring again
to the provisions of section 1318 of the Code it will be
observed that the judgment of reversal must be reviewed on
the appeal from the order.   It evidently contemplates the

entry of a judgment of reversal, as well as the entry of an order granting a new trial. A judgment may be reversed and the complaint dismissed and no new trial granted. In such a case the judgment becomes a final judgment and a further appeal would be from such judgment, but where a new trial is ordered we have two distinct kinds of relief granted — one of which is the reversal of the judgment and the other is the granting of a new trial. One is denominated a judgment and the other an order granting further relief.

In the case of *Pharis* v. *Gere* (112 N. Y. 408, 412), Finch, J., in discussing the provisions of section 1318 of the Code, says: "The trouble is that the decision of the General Term, under the distinction of the Code, is not a single but a compound thing; consists both of a judgment and an order — a judgment of reversal and an order for a new trial. The order may be appealed from, the judgment cannot be. To swamp the order in the judgment would effect the counsel's purpose, but would nullify the distinct provisions and definite object of the existing terms of the Code."

It is, therefore, apparent from the provisions of the section, as they have been understood and construed by this court, that while the judgment and order grant separate and distinct kinds of relief to a party, they may be entered together so that the appeal from the order may be taken within the time prescribed by the Code. But in case this should not be done, we think it must be held that the time within which the appeal must be taken from the order does not commence to run until the judgment of reversal is also entered. It follows that the appeal in this case was taken within the time required by the Code, and, therefore, that the motion to compel the respondents to accept the notice of appeal and the papers connected therewith should be granted, with $10 costs.

Cullen, Ch. J., Gray, O'Brien, Bartlett and Werner, JJ., concur; Vann, J., not voting.

Motion granted.