BOYD v. BOYD.

(Supreme Court, Appellate Division, First Department. January 22, 1909.)

1. APPEAL AND ERROR (§ 662*)—RECORD—CONCLUSIVENESS.

The court on appeal is bound by the certified record, and cannot, on the argument, determine the regularity of the service of the notice of appeal, but respondent, if he desires to bring up the question whether the appeal was taken in time, must move for a dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2850; Dec. Dig. § 662.*]

2. NEW TRIAL (§ 100*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

A new trial on the ground of newly discovered evidence is properly denied where it only appears that the movant has newly discovered the desirability of producing the further evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 202; Dec. Dig. § 100.*]

3. CONTRACTS (§ 140*)—VALIDITY.

Where a connection between an original illegal transaction and a new promise can be traced, the new promise cannot form the basis of a recovery, since every new agreement in furtherance of or to carry into effect any of the unexecuted provisions of a prior illegal agreement is illegal.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 714; Dec. Dig. § 140.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENT—VALIDITY.

An agreement executed by a husband and wife, without the interven-
tion of a trustee, to live separate in the future, is void as against public
policy because it is in the nature of a contract to dissolve the marriage
relation.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1046;
Dec. Dig. § 278.*]

5. HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENT—VALIDITY.

An agreement executed by a husband and wife, while living together,
without the intervention of a trustee, which recites that they have agreed
to live separate in the future, and which binds the husband to pay to the
wife a specified sum per year in installments for her support, is void,
and a subsequent mortgage by the husband to secure performance of the
agreement is also void.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1046;
Dec. Dig. § 278.*]

Appeal from Special Term, New York County.

Action by Margaret Boyd against Alexander Boyd. From a judg-
ment for defendant and from orders denying motions for new trial,
plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-
LAUGHLIN, CLARKE, and HOUGHTON, JJ.

R. S. Johnson, for appellant.
Israel J. P. Alderman, for respondent.

HOUGHTON, J. The plaintiff is the wife of the defendant, and
on the 10th day of February, 1879, they entered into an agreement
between themselves, without the intervention of a trustee, providing
that they should live separate and apart from each other, and that the
defendant husband would pay to the plaintiff in monthly installments
$1,000 per year for her separate support and maintenance. The agree-
ment does not recite that the parties had separated at the time of its
execution, but simply states that "they have agreed henceforth to
live separately and apart from each other." The monthly payments
were made for a little over a year, when on the 4th day of March,
1880, the defendant executed and delivered to one Swain his bond
in the sum of $17,000 accompanied by a mortgage, as security for the
payment to the plaintiff of the $1,000 annually for her support and
maintenance. The bond recites that differences having arisen between
the defendant and the plaintiff "in consequence of which they have
separated and are now living apart from each other, and have mutually
agreed to continue to live separate and apart from each other during
the remainder of their lives," the defendant, for the purpose of pro-
viding a suitable support and maintenance for his wife, this plaintiff,
while so living separate and apart from him during their joint lives,
has agreed with Swain to allow and pay to the plaintiff or to Swain
his executors, administrators or assigns, for her use by way of ali-
mony, such $1,000 in quarterly payments. The bond contained a con-
dition that, if the plaintiff should incur any indebtedness or damages
which the defendant should be compelled to pay, such amount should
be credited upon any payments due thereunder, and that, if such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

annual payment in quarterly installments should be made, the bond should be void. The mortgage contained the same conditions and obligations, and both were delivered to Swain, who executed an agreement with the plaintiff that he would not part with the mortgage or satisfy it without plaintiff's consent. Defendant made all quarterly payments coming due by the terms of this bond and mortgage up to September 9, 1899, except two, and has made no payment since, and this action is brought for foreclosure.

In her complaint the plaintiff sets forth in full the agreement of separation, and alleges that the bond and mortgage were given for the purpose of securing the payment annually of the $1,000 mentioned in the agreement of separation, and that pursuant to the terms of said agreement and bond and mortgage certain payments have fallen due, upon which she demands interest from the time when they should have been paid, and that she has done no act contrary to the terms of the bond or the agreement of separation which would forfeit her rights thereto. In her prayer she asks that it shall be decreed that the defendant pay to the plaintiff by way of alimony for her support and maintenance "in accordance with the terms and condition of the agreement, bond, and mortgage, the amounts due thereunder." By his answer the defendant admits the execution of the agreement and of the bond and mortgage, but alleges that they are all void by reason of the fact that he and plaintiff were living together as husband and wife at the time the agreement of separation was entered into, and that they continued so to live together as husband and wife for some period of time after the giving of the bond and mortgage to secure the payment of the money stipulated to be paid by the agreement. The plaintiff was not able to produce the bond and mortgage upon the trial. She did produce an assignment of the same from the executors of the will of Swain who had died some years before, which assignment, however, was executed after the commencement of the action and was not received in evidence.

The learned trial court, notwithstanding the technical objections interposed by defendant, proceeded to the trial of the merits of the action, and the plaintiff and defendant were sworn. The plaintiff testified that she became dissatisfied because she had no security for the payments under the contract, and that she went to the defendant's lawyer, and the bond and mortgage were thereafter executed. The defendant testified that there had been no separation at the time the original agreement was entered into, and that there was none at the time of the giving of the bond and mortgage, and that he lived with the plaintiff for some time thereafter. The plaintiff conceded that she was living with the defendant as his wife up to the morning of the day upon which the agreement was executed, but denied that she lived with him as his wife at any time thereafter. The court found as a fact that there was no separation at the time the agreement of separation was entered into, and that the defendant and plaintiff continued to live together as husband and wife up to and beyond the time the bond and mortgage were executed and delivered, and that the agreement of separation was in effect an agreement of the hus-

band and wife to live separate and apart from each other, and was against public policy and void, and that the security given for its performance was also void, and dismissed the complaint. Some time after judgment was entered, which delay we assume was excusable, the plaintiff made a motion for a new trial on newly discovered evidence respecting the question of plaintiff and defendant living together as husband and wife after the day of the execution of the separation agreement. One of these motions was denied with leave to renew, and the other was denied without such leave, and still a third motion was made on the same ground and on practically the same papers, which was also denied. The respondent makes the point upon this appeal that the plaintiff did not serve her notice of appeal from the judgment, or from the first order denying upon the merits her motion for a new trial within the time prescribed by law. These various notices of appeal are in the record which bears the certificate of the clerk. We are bound by the certified record, and cannot on the argument of the appeal determine the regularity of the service of the notices. If the respondent desired to bring up the question as to whether the appeals had been taken in time, he should have made a motion upon proper papers for its dismissal.

Treating the appeal from the judgment and from the various orders as properly taken, as we do, and assuming that the plaintiff has the right to bring the action because the bond and mortgage were executed for her benefit, which question, however, we do not decide, still we think the judgment and orders must be affirmed.

The motions for new trials were properly denied upon the merits. The new evidence in no sense could be said to be newly discovered. The best that can be said of it is that the plaintiff has newly discovered that it might be desirable to produce it. The plaintiff insists, however, that, whether the original agreement of separation was valid or invalid, still the bond and mortgage is good and enforceable in her favor for the payments stipulated to be made therein. If it were to be assumed that plaintiff and defendant were living apart at the time of the execution of the bond and mortgage, and that there had been no agreement to live separate and apart, quite a different question as to the validity and enforceability of the bond and mortgage would be presented from the one we are called upon to decide. By repeated allegations in her complaint, as well as by her testimony on the trial, the plaintiff insists that the bond and mortgage which she seeks to foreclose were given to secure the payment to her of the annual sum of $1,000 stipulated in the separation agreement. Thus by her allegations and proof the plaintiff has made the validity of the bond and mortgage dependent upon the validity of the separation agreement. If that agreement was void as against public policy, the security given to insure the performance of its provisions is also void. If a connection between an original illegal transaction and a new promise can be traced, no matter how many times and in how many different forms it may be renewed, it cannot form the basis of a recovery. Every new agreement in furtherance of, or for the purpose of carrying into effect, any of the unexecuted provisions of a previous illegal agreement, is

likewise illegal and void. Gray v. Hook, 4 N. Y. 449; Friedman v. Bierman, 43 Hun, 387, 390; 9 Cyc. 562.

An agreement executed by a husband and wife without the intervention of a trustee to live separate and apart from each other in the future is void as against public policy, because it is in the nature of a contract to alter or dissolve the marriage relation. Poillon v. Poillon, 49 App. Div. 341, 63 N. Y. Supp. 301; Maney v. Maney, 119 App. Div. 765, 104 N. Y. Supp. 541. Such contracts were upheld in Winter v. Winter, 191 N. Y. 462, 84 N. E. 382, and in Effray v. Effray, 110 App. Div. 545, 97 N. Y. Supp. 286, on the sole ground that there had been an actual separation and the husband and wife were actually living apart at the time the contracts were entered into. Under the findings of the trial court which we cannot disturb because there is no such preponderance of proof in plaintiff's suit as to warrant a reversal of the facts by this court, the agreement in question was void, and the security given for the performance of its conditions was also void. In Lawson v. Lawson, 56 App. Div. 535, 67 N. Y. Supp. 356, there was no agreement of separation, and it appeared that, when the obligation sued on was given by the husband, he and his wife were living separate and apart and she had just cause for not living with him. However unfortunate this litigation may seem, and however meritorious plaintiff's claim against her husband for support may be, she must pursue her remedy against him in some other form rather than through the foreclosure of the mortgage which was given.

The judgment must be affirmed, but without costs. All concur.