In the Matter of the Application for the Construction of the Will of JOHN B. MANNING, Deceased.

AGNES MANNING BANON, Appellant; JOSEPH B. MEADE and ANNA M. STARKE, as Executors, etc., and Others, Respondents.

First Department, February 4, 1921.

**New trial — motion to set aside decree of surrogate construing will and for new trial based on newly-discovered evidence — insufficiency of affidavits — motion should be made upon case containing evidence.**

A motion to set aside the decree of a surrogate construing a will and for a new trial on the ground of newly-discovered evidence should be denied, where neither the correspondence nor the conversations set forth or referred to in the affidavits relate specifically to any declaration made by the testator with respect to what he understood and intended by the provision of the will in question, and the affidavits do not specifically show that in the exercise of due diligence the evidence could not have been obtained by commission or otherwise in time for use on the original hearing. Moreover, the motion should have been made upon a case containing the evidence.

APPEAL by Agnes Manning Banon from an order of the Surrogate's Court of the county of New York, entered in

said surrogate's office on the 18th day of November, 1919, denying her motion to vacate and set aside the decree entered in the proceeding instituted by the executors for a construction of the will, and her motion for a rehearing or a new trial made on the grounds of newly-discovered evidence and in the interest of justice to her.

*Martin W. Littleton* of counsel [*Parker & Aaron*, attorneys], for the appellant.

*Ellis L. Aldrich*, for the respondents Joseph B. Meade and Anna M. Starke, as executors.

*Daniel J. Mooney*, special guardian for the respondents Robert Manning McKeon and Daniel Manning McKeon.

LAUGHLIN, J.:

It is stated in this record that the decree was entered on the 2d of July, 1919. The motion to set it aside or to open it and for a rehearing or a new trial was made returnable on the 29th of July, 1919. It is based on four affidavits, one of which was made by the appellant and is to the effect that she discovered the evidence which she desires an opportunity to introduce since the trial and decision on which the decree was entered (See 194 App. Div. 575), and that in the exercise of due diligence she was unable to discover it before. Another of the affidavits was made by the confidential secretary of the testator, who held the position from the 11th day of June, 1911, until the 10th day of December, 1917, during which time and on the 16th day of May, 1914, the will was made. His affidavit sets forth considerable correspondence between him in behalf of the testator and the appellant with reference to the securities which are the subject-matter of the controversy, commencing on the 26th day of May, 1914, and extending throughout that year and the year 1915, and conversations between him and the testator during that period tending to show that the testator acknowledged that the appellant had taken a deep interest in his speculation in those securities and that her advice had been of great service to him, and that she had obtained for him important information concerning the securities and that they were to be hers. The other two

affidavits were made by intimate friends of the testator, with whom he had frequent conversations concerning these securities and to whom he stated that they belonged to the appellant or that he intended that she should have them, and assigned as a reason therefor that she had taken a great interest in them. Neither the correspondence nor the conversations set forth or referred to in the affidavits relate specifically to any declaration made by the testator with respect to what he understood and intended by paragraph 32 of the will. Some of the evidence would have been material and would have tended to support the appellant's contention with respect to the construction of the will, but the affidavits do not satisfactorily show that in the exercise of due diligence appellant could not have obtained this evidence by commission or otherwise in time for use on the original hearing, and moreover, the motion should have been made upon a case containing the evidence. (*Matter of Rose*, 153 App. Div. 263.) Were it not for the fact that we are sustaining, on her other appeal, the appellant's contention with respect to the construction of the will, we would affirm the order without prejudice to a proper motion by the appellant for a new hearing or trial on a case containing the evidence, but, in the circumstances, the order should be affirmed without modification, with ten dollars costs and disbursements to each respondent separately appearing.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements to each respondent separately appearing.