MARTHA E. HART, Plaintiff, *v.* ITHACA CONSERVATORY AND AFFILIATED SCHOOLS and ITHACA COLLEGE, Defendants.

Supreme Court, Tompkins County, June 27, 1932.

*Stagg, Thaler & Stagg* [*Louis K. Thaler* of counsel], for the plaintiff.

*Cobb, Cobb & Simpson* [*Harold E. Simpson* of counsel], for the defendants.

PERSONIUS, J. We think there is no ground on which the verdict of the jury should be set aside under section 549 of the Civil Practice Act.

As to the motion based on newly-discovered evidence, the defendants say: (1) That the motion cannot be made as it is, upon the judge's minutes, but must be made upon a case (Rules Civ. Prac. rule 221), and (2) that on the merits the motion should be denied.

The defendants cite many authorities to sustain their first contention. The plaintiff attempts to distinguish these cases by saying that they arose under section 997 of the Code of Civil Procedure which they say has been modified by the exception now contained in rule 221 of the Rules of Civil Practice.

Was it modified? Section 997 of the Code of Civil Procedure related to appeals from judgments and motions for a new trial. So far as it applied to motions, it provided in substance: " When a party intends * * * to move for a new trial (of an issue of fact) he must, except as otherwise prescribed by law, make a case, * * *." Rule 221 applies only to motions and provides that " a party intending to move for a new trial of an issue of fact must make a case * * * except where the motion is *on the minutes* of the judge * * * or except as otherwise provided by law." Under this exception, the question immediately arises, what motions can be made " on the minutes? " We think that no motion can be made on the minutes except those made on the grounds *specified* in section 549 of the Civil Practice Act. It follows that no motion comes within the exception contained in rule 221 except those made on the grounds specified in section 549.

Section 549 of the Civil Practice Act, formerly contained in section 999 of the Code of Civil Procedure, provides in substance that the presiding judge may entertain a motion " upon his minutes " for a new trial " upon exceptions; or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law." (The provision of section 999 requiring a case on appeal is now embodied in section 575 of the Civil Practice Act.) Observe that the grounds of a motion which the judge may entertain on his minutes are *specified* in section 549 of the Civil Practice Act, the same as they were in section 999 of the Code of Civil Procedure.

In *Swartout* v. *Willingham* (6 Misc. 179) the plaintiff moved for a new trial upon a ground not so specified. Referring to section 999, the court said (p. 183): " *The right to make such a motion [viz., a motion on the judge's minutes] is one which arises entirely from the statutory provision, and it can be made only upon those grounds upon which the statute permits it to be made.*" (See, also, 4 Carmody N. Y. Prac. [Second ed.] p. 3250, § 1413; Carmody N. Y. Prac. [1923 ed.] p. 448, § 437; *Delaney* v. *Brett*, 51 N. Y. 78, 81; *Bantleon* v. *Meier*, 81 Hun, 162; *Pharis* v. *Gere*, 107 N. Y. 231, 238.) In the latter case the Court of Appeals said of a motion under section 999 of the Code of Civil Procedure: " It is not required that written notice of the motion for a new trial upon the judge's minutes should be given. It may be brought

on immediately after the rendition of the verdict without any previous notice. *But it can be based only upon one of the grounds mentioned in the section, and must be heard upon the minutes only."* It would seem, therefore, that the *only authority for making a motion upon the judge's minutes* is section 549 of the Civil Practice Act, formerly section 999 of the Code of Civil Procedure, and that that section is authority for making *only* those motions which are based upon the grounds therein *specified.* That section does *not specify* a motion for a new trial on newly-discovered evidence. Therefore, the exception contained in rule 221 does not apply to such a motion.

We think it is true that all the cases cited by the defendants arose prior to the adoption of rule 221. The latest case cited (*Matter of Manning*, 196 App. Div. 586) was decided in February, 1921. That case was decided upon the authority of *Matter of Rose* (153 App. Div. 263), which was decided in 1912. But the exception now contained in rule 221 is not a modification of the former practice under section 999 of the Code of Civil Procedure. Both before and since the adoption of rule 221 the making of a case was excused *only* where the motion could be made on the judge's minutes and a motion based on newly-discovered evidence could not be so made. As we have pointed out, it is only motions made on the grounds specified in section 549 of the Civil Practice Act which can be made on the minutes. This motion made on newly-discovered evidence was not and is not specified therein and is, therefore, not affected by the exception.

It may be asked, what was the purpose of the exception placed in rule 221. We think it was inserted for clarity, simply to make it plain that a case was not required where the motion was based upon one of the grounds specified in section 549 and could, therefore, be made on the minutes.

The plaintiff cites in support of her contention *Preleson* v. *Ali* (142 Misc. 296) and *New Amsterdam Co.* v. *Beardsley* (123 id. 292, 295). The former case held that the " making and settling of a case is a prerequisite to the hearing of such motions at Special Term," and indicated but did not hold that it was not a prerequisite if made at the term at which the case was tried. We do not consider the case an authority for that proposition. In the latter case the motion does not seem to have been closely considered and just what it held is not too clear. In *Finkelstein* v. *Grodsky* (139 Misc. 571) it is pointed out that a similar motion was heard and decided upon the minutes, the trial justice holding that this practice was proper under rule 221, but Judge DONNELLY seems to have sustained the trial judge on the ground that the making and settling of a case had been *waived.*

Furthermore, it would seem that a motion based upon newly-discovered evidence must be made on regular notice at Special Term. (Civ. Prac. Act, § 552; 4 Carmody N. Y. Prac. [2d ed.], p. 3280, § 1431; p. 3295, § 1440.)

Finally, we think the motion must be denied upon the merits. At most the papers establish that Mrs. Fenner and Miss Questa, friends or at least acquaintances of the plaintiff, failed to come to her assistance. The plaintiff knew that both were witnesses to the accident. She had talked with Mrs. Fenner about the accident on several occasions during the winter preceding the trial. Miss Questa was under subpœna to attend the trial. True, she presents an affidavit to the effect that she could not attend on May twenty-sixth but could be there the following afternoon. No application to continue the trial was made and it would appear that her evidence was foregone because the plaintiff and her attorney thought that it would not be helpful. It would also appear that the plaintiff failed to mention Mrs. Fenner to the former's attorney because the plaintiff thought the latter would not be helpful to her case. The plaintiff may have erred in judgment in not calling these witnesses. Certain it is that long before the trial she knew of them, knew they were present at the time of the accident, or immediately thereafter, and knew where they were. Under these circumstances, we do not feel that the court would be justified in awarding a new trial against the defendants. The evidence was available to the plaintiff at the time of the trial. (*Jones* v. *Lustig*, 37 Misc. 834; *Boyd* v. *Boyd*, 130 App. Div. 161, 165; *Haight* v. *City of Elmira*, 42 id. 391; *Nathan* v. *Karp, Inc.*, 214 id. 490, 493; Carmody N. Y. Prac. [1st ed.], p. 456, § 446.)

Motion denied. Submit order accordingly.